#### SLOAN v. GREENVILLE COUNTY *ET AL.*

(110 S. E. 114)

1. BRIDGES—COMPLAINT HELD NOT TO STATE DEFECTS SHOWING JOINT LIABILITY OF COUNTIES.—A complaint in action for death of driver of automobile, occurring on a bridge between counties, *held* not to state such defects on one side of the bridge as to make a case of joint liability against the two counties; the car being deflected by a wheel guard near one end thereof.

2. JUDGMENT—ACTION NOT TO BE DISMISSED ON DEMURRER TO AMENDED COMPLAINT.—Where a demurrer was sustained to an amended complaint, Court should not have dismissed the complaint without giving plaintiff leave to amend if so advised.

Before MEMMINGER, J., Greenville, October, 1921. Affirmed.

Action by W. J. Sloan as administrator against Greenville County and Spartanburg County. From order sustaining demurrer to the amended complaint and dismissing the action as to Spartanburg County, the plaintiff appeals.

The amended complaint contained allegations, *inter alia*, as follows:

(4) That on November 28, 1920, Carl Sloan, plaintiff's deceased minor son, 17 years of age, was returning from Spartanburg County to Greenville County over and upon the said Bennett Bridge road, reaching the aforesaid Bennett bridge over Enoree River joining the two counties about

dark, driving a light Ford touring car with ordinary load thereon, to wit, himself, along with only two other persons, and when crossing said Bennett bridge, the car operated by plaintiff's deceased son was caught, deflected, and caused to run angling to the extreme right-hand side and corner of said bridge, striking the hub of front wheel thereof against extreme end banister plank, breaking and bending the guiding apparatus of said car, throwing and directing the car abruptly to the right, and precipitating plaintiff's deceased along with passengers and car down the inclination into a precipice, the car falling upon and pinning beneath it plaintiff's deceased, choking, strangling, and crushing him so that he then and there died, and such injuries and death were in no way brought about by any negligent act of plaintiff's deceased, nor did he negligently contribute thereto.

(5) That the defendants, Greenville County and Spartanburg County, as plaintiff is informed and believes, jointly built the said bridge, each expending an equal share in the erection thereof, and for a number of years past each have borne an equal share in the expenses of the upkeep and repairs of said bridge, as provided by law and by agreement of County Commissioners of said counties, the said counties never having divided the said bridge by measurement from center to ends thereof, and each county never having assumed separate control and responsibility for the condition of the half adjoining its county, the said work and expenses incurred for repairs and upkeep having been jointly performed, and each county having borne as aforesaid an equal share in the expenses so incurred; and it is, as plaintiff is informed and believes, the duty of said counties to inspect, maintain and repair the said bridge so as to furnish a reasonably safe place or way of crossing said Enoree River from county to county; that, in the erection of said bridge, at each end of the floor of same there were placed throughout the entire length pieces of heavy oak timber four by

six, known and designated as wheel guards; that the same by neglect had become jolted loose, not having been securely and well fastened when placed there, the bolts and fastenings worked out, and the ends of said wheel guards warped and pulled loose and extended out upon the traveled place of said bridge, intercepting and deflecting instead of assisting in the holding and directing of vehicles as was the intent and purpose in so placing said wheel guards thereon; that on this occasion one of said wheel guards on upper side of said bridge had worn entirely loose, and unfastened by the jolting of travel thereon, and by defendants' joint neglect and mismanagement in failing to securely fasten and safely place said guards, inspect, maintain, and repair said defects, was left and allowed to extend out into the traveled part and passageway on bridge, where said automobile wheel was caught and deflected and thrown against banister of bridge and said car caused to upset and be precipitated down embankment, resulting in the death of plaintiff's deceased.

(6) That the injuries and death of plaintiff's deceased, Carl Sloan, were caused by and resulted from the separate, joint, several, and concurrent negligent and reckless acts, neglect, and mismanagement of the defendants, Greenville County and Spartanburg County, in failing to furnish a reasonably safe bridge and crossing upon one of their most frequented and traveled thoroughfares; in failing to inspect and repair defects and the dangerous condition caused by the loose timbers allowed to remain upon the driveway of said bridge; in failing to securely fasten and securely maintain in firm position timber placed alongside of said bridge for a wheel guard thereon, knowing the same by the jolt and jar of travel would be shifted from place to place on floor of said bridge, endangering travel thereon; and in failing to maintain banisters extending beyond base of bridge and to protect abrupt embankments left abutting said bridge, which said timber left lying loose upon floor of bridge

might easily have been seen by inspection to lead and cause deflection of car to embankment, as said loose wheel guard did in this instance deflect and cause car to run against banisters, and be thrown down embankment, where by reason of each and all of the aforesaid separate, joint, several, and concurrent delicts and failures of duty on the part of the defendants, Greenville County and Spartanburg County, plaintiff has been injured and damaged in the sum of $20,000.00.

*Messrs. Martin & Henry,* for appellant, cite: *Bridges between counties and liability for defects therein*: 1 Civ. Code 1912, Secs. 1960, 1972. *Place of trial*: Code Proc. 1912, Secs. 174, 172, 173. *Sections must be construed together*: 115 S. C., 24; 95 S. C., 414; 86 S. C., 96; 44 S. C., 177; 37 S. C., 395. *Joint duty and joint liability*: 115 S. C., 434; 38 Cyc., 483; 26 R. C. L., 763; 38 Cyc., 488-9; 115 S. C., 24; 85 Pac., 230.

*Messrs. Nicholls & Wyche* and *John Gary Evans,* for respondent, Spartanburg County, cite: *County cannot be sued jointly or otherwise unless authorized by the Statute*: 1 Civ. Code 1912, Sec. 1960; 7 R. C. L., 766. *Boundary line between Greenville and Spartanburg Counties*: 1 Civ. Code 1912, Sec. 626. *Absence of contributory negligence should be alleged*: 40 S. C., 342. *County or its officers may only be sued within its own lines*: 11 Cyc., 611; 9 Ill., 20; 24 Me., 151; 67 N. C., 110; 67 N. C., 330; 69 N. C., 412; 70 N. C., 137; 70 N. C., 657.

December 19, 192x.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Memminger sustaining a demurrer interposed by respondent, Spartanburg County, to the amended complaint, served by the appellant, and dismissing said amended complaint. The complaint does not state such defects on the Spartanburg side of the bridge as to make a case of joint

liability, and the order appealed from must be ·sustained, except in dismissing the complaint, with leave to plaintiff, if he be so advised, to amend his complaint so as to allege such defects, if any, on the Spartanburg side, as to make a case of joint liability.

Judgment affirmed.